Allen, J.
delivered the opinion of the Court.
The Court does not consider it necessary to decide how far it would have been competent to prove that a clerical error was committed by the clerk in issuing the execution in the bill of exceptions mentioned, in the name of Edward Watterson against Lawrence Horn, instead of the name of Joseph Rogers, in whose name the judgment was recovered, it appearing that the demandants claimed under a patent, posterior in date to that with which the tenant sought to connect himself, and that the title which the demandants claimed had no privity with, but was adverse to the title under which the tenant claimed ; and it furthermore appearing by said bill of exceptions, that by the laws of Tennessee, in which State the land in controversy was then sup- • posed to be situated, writs of fieri facias might be levied on lands, and the same be sold by the sheriff, who was authorized to make a conveyance to the purchaser. And *146 it furthermore appearing that the title to the land in controversy held under the senior patent, had been regularly transferred to and vested in the said Lawrence Horn, that a judgment was rendered against the said Lawrence Horn in favour of Joseph Rogers, by the Court of Pleas and Quarter Sessions of the county of Hawkins in said State of Tennessee, at the August term for the year 1800, and that Alexander Nelson, sheriff of said county of Hawkins, by his deed duly executed, after reciting that by virtue of an alias fieri facias, dated the 11th of July 1801, in the name of said Joseph Rogers against Lawrence Horn, which issued on said judgment, he had levied upon and sold said land to a certain John Hannah, conveyed said land to said Hannah, and the tenant offering to introduce evidence to prove the regular transmission of the title, so as aforesaid conveyed by said sheriff to said Hannah, from the said Hannah to himself; and it furthermore appearing, that the tenant proved that he and those under whom he claimed, had been in the possession and actual occupation of said land from the year 1816 up to the time of the trial, undisturbed by the said Lawrence Horn, or any person connected with the estate conveyed by said sheriff; a period of time which would have constituted a sufficient defence under the statute of limitations, against said Horn, if such possession had been adverse to, instead of under the title of said Horn; the Court, without deciding how far it would be competent for strangers claiming under an adverse title, having no privity of estate or interest affected by the sale of an officer authorized by law to sell, and whose deed made, or recited to be made, pursuant to that general authority, is produced, to require proof of the recitals in such deed, setting out the authority to sell; is of opinion, that in the state of facts .set out in said bill of exceptions, a legal presumption of the regular exercise of the authority of the sheriff to sell would arise, and be accepted instead of proof, even *147 against those connected with the estate conveyed: and that, as against strangers, setting up a title adverse to that conveyed by the officer otherwise authorized to sell, the recital of such authority as set forth in the deed, should be taken as true, and that it was not incumbent on the tenant, in the state of facts as set forth in the bill of exceptions, to produce any additional evidence of the authority of said sheriff to sell and convey said land. The Court is therefore of opinion, that the said Circuit Court, under the facts disclosed in the said bill of exceptions, erred in rejecting said deed for the want of such additional evidence of the authority of the sheriff to sell and convey. Therefore, the judgment is reversed with costs, and the verdict is set aside and the cause remanded for a new trial of the mise joined, with instructions to permit said deed from the said Alexander Nelson, sheriff as aforesaid, to said John Hannah, to be read as evidence to the jury, unless objected to for some other good and sufficient cause.
Daniel, J. dissented.